**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

_____      )      Case No. 03-4032-JAR

In Re: WESTAR ENERGY, INC.  ERISA      )
LITIGATION      )

_____      )

## ORDER AND FINAL JUDGMENT

On this 27th day of July, 2006, having held a hearing to determine: whether the terms and

conditions of the Class Action Settlement Agreement should be approved as fair, reasonable and

adequate to settle the claims raised in the Consolidated Complaint ("Complaint"), including the

release of Westar Energy, Inc, ("Westar" or the "Company") and the Released Parties, as those

terms are defined in the Class Action Settlement Agreement ("Settlement Agreement"); whether

judgment should be entered dismissing the Complaint on the merits and with prejudice in favor

of Defendants and against all Class Members: whether to approve the Plan of Allocation as a fair

and reasonable method to allocate the settlement proceeds among the Class Members; and

whether to approve Appointed Counsel's application for an award of attorneys' fees and

reimbursement of expenses and Case Contribution Award to the Named Plaintiffs; whether a

Notice of the hearing substantially in the form approved by the Court was mailed to all

participants or beneficiaries of the Westar Energy, Inc. Employees' 401(k) Savings Plan ("Plan")

who held shares of Westar common stock in their Plan account during the period between July 1,

1998 through January 1, 2003 (the "Class Period"), except those persons or entities excluded

from the definition of the Class; whether a summary notice of the hearing substantially in the

form approved by the Court was published in the national edition of USA Today, and the local

editions of The Kansas City Star, The Topeka Capital-Journal, and The Wichita Eagle pursuant

to the specifications of the Court; and having considered all matters raised at the hearing; and all

capitalized terms used herein having the meanings as set forth and defined in the Stipulation:

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Class Action Settlement Agreement in this Lawsuit, dated March 23, 2006 (the "Settlement Agreement").

2.      The Court has jurisdiction over the subject matter of the Action, Appointed Counsel, all Class Members, and Defendants.

3.      The prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(1) have been satisfied in that:  the number of Class Members is so numerous that joinder of all members thereof is impracticable; there are questions of law and fact common toe the Class; the claims of the Class Representatives are typical of the claims of the Class they seek to represent; the Class Representatives have and will fairly and adequately represent the interests of the Class; the prosecution of separate individual actions would create a risk of inconsistent outcomes and inconsistent standards of conduct for Defendants; and the prosecution of separate individual actions would as a practical matter be dispositive of the interests of other Class members who are not parties to the action.

4.      This action is finally certified as a class action pursuant to the Federal Rule of Civil Procedure 23 on behalf of all persons Any person, excluding Defendants, who was a participant in or beneficiary of the Westar Energy, Inc. Employees' 401(k) Savings Plan (the "Plan") at any time during the period from July 1, 1998 through January 1, 2003 (the "Class Period") and whose account in the Plan included investment in the Westar Energy, Inc. Company Stock Fund (the "Settlement Class"), and who were damaged thereby, excluding Westar, the officers and directors of Westar and its subsidiaries and affiliates, members of the

immediate family of any excluded person, the legal representatives, heirs, successors or assigns of any excluded person, and any entity in which Westar has or had a controlling interest.

5.      Notice of the Pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The notice that was provided included the mailing to participants in or beneficiaries of the Westar Energy, Inc. Employees' 401(k) Savings Plan (the "Plan") at any time between July 1, 1998 and January 1, 2003 and whose account in the Plan included investment in the Westar Energy, Inc. Company Stock Fund.  Notice to said individuals was effectuated by a copy of the Notice in the form attached to the Preliminary Approval Order being mailed to the last known address of each individual on May 26, 2006, and the publication of the Summary Notice in the national edition of USA Today on May 30, 2006 and the local editions of The Kansas City Star, The Topeka Capital Journal and the Wichita Eagle on May 31, 2006.  Notice was also provided on a dedicated Settlement website through which current and former Plan participants could (1) view a summary description of the Lawsuit, the Settlement, and the status of the latter; (2) access the Settlement Agreement and related Settlement documents; review answers to "frequently asked questions" regarding the litigation and the Settlement and (5) access a phone number to call for further information.  The Internet site is located at http://www.WestarERISAsettlement.com and its contents and information were made accessible by the Court-mandated deadline of June 12, 2006.

6.   The Settlement is approved as fair, reasonable and adequate, in accordance with Rule 23 of the Federal Rules of Civil Procedure.  The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

7.      The Action is dismissed with prejudice and without costs (except as provided in

the Settlement Agreement), provided that this Order and Final Judgment shall be without

prejudice to, and shall in no way affect:

        (a)     any claim, counterclaim or affirmative defense asserted by the parties to

the arbitration before the American Arbitration Association, Westar Energy, Inc. v. Wittig, et al.,

No. 57 166 00098 03, or that could be asserted between the parties to that arbitration;

        (b)     any claim or defense that the Company has asserted or could assert against

its former chairman of the board, president, and chief executive officer David C. Wittig or its

former executive vice president and chief strategic officer Douglas T. Lake relating to claims for

payments of attorneys' fees;

        (c)     any claims that Westar has asserted or could assert against any of its

present or former directors, officers or employees relating to liabilities arising out of that

individual's, and his or her family members' or non-Westar employee friends' use of Company

airplanes;

        (d)     any claim or defense that could be asserted by the Company or by the

Company's insurers or reinsurers against any individual or entity in response to any claim

brought by that individual or entity as an insured under certain released directors and officer

insurance policies.  (Items 6(a)-(d) collectively, the "Preserved Claims".)

      8.   This Order and Final Judgment has no preclusive effect, through the principles of res

judicata, collateral estoppel or otherwise, on any pending or future legal action based on any or

all of the Preserved Claims.

      9.     For good and sufficient consideration, the covenants and releases contained in the

Settlement Agreement are incorporated herein.

      10.     Neither this Order and Final Judgment, the Settlement Agreement, nor any of its

terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against any of the Defendants or the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Defendant or Released Party of the truth of any fact alleged by any of the Named Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing, or the amount of liability or wrongdoing on the part of any of the Defendants or the Released Parties;

(b)     offered or received against any of the Defendants or the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or the Released Parties, or against the Named Plaintiffs and the Class as evidence of any infirmity in the claims of Named Plaintiffs and the Class;

(c)     offered or received against any of the Defendants or Released Parties as evidence of a presumption, concession or admission with respect to any liability or the amount of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, Defendants or the Released Parties may refer to the Settlement Agreement to effectuate the liability protection granted them thereunder;

(d)     construed against Defendants or Released Parties as an admission or

concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial in the Action; or

(e)      construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

11.      The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Appointed Counsel and the Plan Administrator are directed to administer the Settlement Agreement in accordance with its terms and provisions.

12.      The Court finds that all parties and their counsel have complied with each requirement of Federal Rule of Civil Procedure 11 as to all proceedings herein.

13.      Appointed Counsel on their own behalf and on behalf of all plaintiffs' counsel are hereby awarded **$2,775,000.00** of the Settlement Fund in fees, which the Court finds to be fair and reasonable, and **$76,715.52** in reimbursement of expenses, which fees and expenses shall be paid directly to Appointed Counsel from the Settlement Fund with interest from the date the Settlement Amount was paid to the Escrow Agent to the date of payment pursuant to this Order, at the same interest rate earned by the Settlement Fund.  Appointed Counsel may allocate these fees among plaintiffs' counsel of record in a fashion and amount that, in their sole discretion, fairly compensates all counsel for their respective contributions to the prosecution of the Action.

14.      Each of the Named Plaintiffs is also awarded **$1,000.00** for their case contribution.

15.      In making this award of attorneys' fees and reimbursements of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a fund of $9,250,000 in cash plus interest thereon, less any amount awarded as attorneys fees to Plaintiffs' Appointed Counsel by the Court;

(b)     Over 3,800 copies of the Notice were disseminated to putative Class Members indicating that Appointed Counsel were moving for attorneys' fees in the amount of up to thirty percent (30.00%) of the Settlement Fund and for reimbursement of expenses relating to prosecution of the Action.  Further, the Notice advised Settlement Class members that Appointed Counsel would also seek Case Contribution Awards in the amount of $1,000.00 for each of the Named Plaintiffs.  Not a single objection was filed relating to any aspect of Appointed Counsel's request, nor was any objection filed relating to the terms of the proposed underlying Settlement itself;

(c)     Appointed Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively prosecuted for nearly three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Appointed Counsel not achieved the Settlement there would remain a significant risk that Named Plaintiffs and the Class may have recovered less or nothing from Westar; and

(f)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair, reasonable and adequate.

16.     In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Settlement Agreement, then this Order and Final

Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be returned to their respective positions immediately prior to the execution of the Settlement Agreement.

17.     Jurisdiction is hereby retained over the parties, the Class Members, and Appointed Counsel for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


DATED: July 27, 2006


                                        S/ Julie A. Robinson
                                       Julie A. Robinson
                                       United States District Judge